UNITED STATES v. POWERS.

(District Court, W. D. Washington, N. D. January 5, 1920.)

No. 4942.

1. CUSTOMS DUTIES ⚖≈134—INDICTMENT FOR SMUGGLING AND CONCEALING SUFFICIENTLY DESCRIBED PROPERTY AS WHISKY.

An indictment for smuggling, and for receiving, and facilitating the transportation, concealment, and sale of, smuggled merchandise, is sufficient, where it describes the merchandise as four bottles of whisky.

2. CUSTOMS DUTIES ⚖≈134—INDICTMENT NEED NOT DESCRIBE SMUGGLED GOODS AS DESCRIBED IN TARIFF SCHEDULE.

Under Rev. St. § 3082 (Comp. St. § 5785), it is not necessary to describe smuggled merchandise in an indictment by the name under which it is described in the tariff schedule.

3. CUSTOMS DUTIES ⚖≈121—WHISKY MAY BE LAWFULLY IMPORTED, AND SMUGGLING IS PUNISHABLE; "COMMODITY OF MERCHANDISE."

Under Act Oct. 3. 1917, § 301 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739b), Act Nov. 21, 1918, § 4, and Act Feb. 24, 1919, § 601 (Comp. St. Ann. Supp. 1919, § 8739bb), whisky may be lawfully imported, and is therefore a "commodity of merchandise," embraced within the commercial regulations, and its smuggling is punishable.

Criminal prosecution by the United States against W. W. Powers. On demurrer to the indictment. Demurrer overruled.

Ben L. Moore, Asst. U. S. Atty., of Seattle, Wash.
Clarence L. Reames, of Seattle, Wash., for defendant.

NETERER, District Judge. The defendant is charged under two counts; under count 1 with fraudulently importing, smuggling, and clandestinely bringing into the United States from a foreign place, to wit, Japan, certain merchandise of foreign production, preparation, and manufacture, "to wit, four bottles of whisky, a more particular description thereof being to these grand jurors unknown, the said merchandise being then and there subject to duty by law," and then charges that the duties had not been secured or paid, and that Powers, in bringing them in, did not declare or report the entry to the collector of customs for the district of Puget Sound, or any officer of the customs, as required by law. Count 2 charges him with fraudulently receiving, concealing, and facilitating the transportation, concealment, and sale of certain foreign merchandise, and then follows a description of the whisky set out in count 1, and then alleges that Powers knew the merchandise had been fraudulently brought into the United States from Japan without being entered, declared, or reported, etc.

⚖≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant has demurred to each count. It is contended, among other things, that there is not sufficient description set forth to advise the defendant as to the particular offense he is required to meet, and the description is too indefinite to state an offense under the acts of Congress; that while, under section 2865, R. S. (Comp. St. § 5548), the offense is denounced as a misdemeanor, the punishment is more than one year imprisonment; that by section 335 of the Penal Code (Comp. St. § 10509), subsequently enacted, it is provided that all offenses that may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies, and all other offenses misdemeanors, and that, since this offense is punishable by imprisonment for more than one year, the most favorable consideration to be given it in behalf of the government is that it is a felony, and hence the offense should be set out with greater particularity, and that the descriptive term employed with relation to the article imported does not include any article recognized as merchandise within the terms of the statute or the general law; that whisky is not merchandise; that it is not an article of traffic embraced in the commercial regulation; and that not sufficient facts are pleaded which would protect the defendant against subsequent prosecution for the same offense.

[1-3] I think a fair consideration of the averments of the several counts in the indictment, under the authorities, sustains the indictment as to each count. Under section 3082, R. S. (Comp. St. § 5785), it is not necessary to describe the smuggled merchandise by the name under which it is described in the tariff schedule (Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390), and that under the description given the defendant is advised with sufficient particularity as to the charge he has to meet. It is apparent, from a consideration of section 301, Act Oct. 3, 1917, 40 Stat. 308 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739b), and section 4, Act Nov. 21, 1918, 40 Stat. 1047, and section 601, Act Feb. 24, 1919, 40 Stat. 1106 (Comp. St. Ann. Supp. 1919, § 8739bb), that whisky may be lawfully imported, and is therefore a commodity of merchandise embraced within the commercial regulations. The facts pleaded are sufficient to save the defendant from further prosecution for the same offense. Justice Brewer, in Dunbar v. U. S., supra, at page 191 of 156 U. S. (15 Sup. Ct. 327, 39 L. Ed. 390), says:

"It is true some parol testimony might be required to show the absolute identity of the smuggled goods, but such proof is often requisite to sustain a plea of once in jeopardy."

This is quoted with approval by the same justice in Durland v. U. S., 161 U. S. 306, at page 315, 16 Sup. Ct. 508, 40 L. Ed. 709.

The demurrer is overruled.